IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:02-1358-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Octavius S. Cline, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Octavius S. Cline's ("Cline") pro se motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On May 11, 2012, Cline filed a motion pursuant to Rule 15 of the Federal Rules of Civil Procedure seeking to amend his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the court previously dismissed on August 30, 2007. After review, the court construed Cline's motion to amend as a second or successive § 2255 motion and summarily dismissed it on May 21, 2012.

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted).

In his motion, Cline reasserts the allegations made in his original § 2255 motion and presents no new facts or evidence that alter the court's original findings in the August 2007 and May 2012 Orders. Therefore, Cline's motion is denied.

Further, to the extent Cline moves for reconsideration under Rule 60(b), his motion is also denied. Rule 60(b) "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979) (internal quotation marks omitted). "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Id. at 102. Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313. Cline has made no showing of exceptional circumstances or defects in the court's decision.

Therefore, it is

**ORDERED** that Cline's motion to alter or amend judgement, or in the alternative, motion for relief from judgment, docket number 717, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 22, 2012

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.